1

2

3

4

5

6

7

8                           **UNITED STATES DISTRICT COURT**

9                           **CENTRAL DISTRICT OF CALIFORNIA**

10

11   ARTURO ANTONIO OCEGUEDA,        ) NO. EDCV 09-00536 JSL (SS)
                                      )
12                  Petitioner,       ) **ORDER ACCEPTING AND MODIFYING**
                                      )
13          v.                        ) **FINDINGS, CONCLUSIONS AND**
                                      )
14   KELLY HARRINGTON, Warden,        ) **RECOMMENDATIONS OF UNITED STATES**
                                      )
15                  Respondent.       ) **MAGISTRATE JUDGE**
     ─────────────────────────────── )
16

17       Pursuant to 28 U.S.C. § 636, the Court has reviewed the First

18   Amended Petition, all the records and files herein, the Report and

19   Recommendation of the United States Magistrate Judge (the "Report"), and

20   Petitioner's Objections.  After having made a _de novo_ determination of

21   the portions of the Report and Recommendation to which Objections were

22   directed, the Court accepts the findings and conclusions of the

23   Magistrate Judge, as modified below.

24

25       In the Report, the Magistrate Judge concluded that _de novo_ review

26   applied to Petitioner's prejudicial evidence claim in Ground Two and

27   that Ground Two failed under that standard.  (Report at 70-76).  As an

28   initial matter, the Court notes that the applicable standard of review

does not change the ultimate decision to deny habeas relief because if Petitioner's claim fails under de novo review, it necessarily also fails under the much higher standard of AEDPA deference.  See, e.g., Berghuis v. Thompkins, __ U.S. __, 130 S. Ct. 2250, 2265, 176 L. Ed. 2d 1098 (2010) ("Courts can . . . deny writs of habeas corpus under § 2254 by engaging in de novo review when it is unclear whether AEDPA deference applies, because a habeas petition will not be entitled to a writ of habeas corpus if his or her claim is rejected on de novo review . . . .").  Moreover, Petitioner's Objections do not challenge the applicable standard of review.  (Objections at 1-17).  However, the Court has independently considered this issue and concludes that Ground Two should have received AEDPA deference.

Ground Two should have received AEDPA deference because the California Court of Appeal, by relying on a nearly identical state law standard, necessarily adjudicated the federal nature of the claim.  In the Report, the Magistrate Judge concluded that the court of appeal failed to address the federal nature of the claim because the state court cited only California law.  (Report at 19, 73); (see also Lodgment 6 at 23-26).  However, the Court concludes that even though the state court did not cite any federal law, it necessarily adjudicated the federal nature of Ground Two because the applicable state law standard imposes the same limit on trial court discretion as the applicable legal standard under the federal Constitution.  See Williams v. Cavazos, 646 F.3d 626, 640 (9th Cir. 2011) ("Even then, the Court of Appeal's decision might be entitled to deference if adjudicating the section 1089 claim necessarily entailed adjudicating the Sixth Amendment claim. That would be the case if, for example, California had ever defined the limit

2

of 'discretion' to discharge a juror to be at, or short of, the Sixth Amendment boundary. Were that so, a Court of Appeal finding that the trial court had not abused its discretion under section 1089 might implicitly be a determination that the Sixth Amendment had not been violated, and we might be required to consider that Williams's Sixth Amendment claim had been adjudicated on the merits.").

In rejecting Ground Two, the California Court of Appeal concluded that the entire recording of Susan Navarro's police interview was admissible under California Evidence Code section 780(f) because it "revealed Navarro's basis for her reluctance to implicate [Petitioner]." (Lodgment 6 at 26).  Additionally, the court of appeal determined that Navarro's recorded statement was relevant because it "rebutt[ed] her claim at trial that the police pressured her into making incriminating statements against [Petitioner]." (Id. at 25-26).  Finally, the court of appeal noted that "the jury could have inferred that some of Navarro's statements amounted to an attempt to deflect suspicion to other perpetrators." (Id. at 26).

Under the federal Constitution, the admission of evidence violates due process only where two circumstances are met:  (1) "there are no permissible inferences the jury may draw from the evidence"; and (2) the evidence is "of such quality as necessarily prevents a fair trial." Jammal v. Van de Kamp, 926 F.2d 918, 920 (9th Cir. 1991) (internal quotation marks omitted).  Because the California Court of Appeal concluded that the entire recording was relevant to Navarro's credibility, (Lodgment 6 at 25-26), it necessarily also determined that there were permissible inferences the jury could draw from the evidence

1   and therefore that the admission of the evidence did not violate due

2   process. Jammal, 926 F.2d at 920 (finding no due process violation

3   because there was "a rational inference the jury could draw from the

4   challenged evidence, an inference that [was] not constitutionally

5   impermissible").

6

7       Thus, the Court concludes that state court's adjudication of Ground

8   Two necessarily adjudicated the federal nature of the claim because the

9   applicable state law standard imposed the same limit on trial court

10  discretion as the standard under the federal Constitution. See

11  Williams, 646 F.3d at 640; see also Baker v. Blaine, 221 F.3d 1108,

12  1112 (9th Cir. 2000) (holding that AEDPA deference applied to state

13  court decisions even though they did not cite to federal law because

14  they cited "cases which themselves rested on Supreme Court precedent,

15  and the state court holdings were consistent with the reasoning of the

16  cited cases"). Accordingly, AEDPA deference applies. As set forth

17  above, the application of AEDPA deference does not change the ultimate

18  decision to deny habeas relief because the Report found that

19  Petitioner's claim would have failed even under the more lenient de novo

20  standard.

21  \\

22  \\

23  \\

24  \\

25  \\

26  \\

27  \\

28  \\

4

**IT IS ORDERED** that the First Amended Petition is denied and Judgment shall be entered dismissing this action with prejudice.

**IT IS FURTHER ORDERED** that the Clerk serve copies of this Order and the Judgment herein on counsel for Petitioner and Respondent.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: Feb. 2, 2012

_____
J. SPENCER LETTS
UNITED STATES DISTRICT JUDGE